UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TABBATHA JOHNSON

CIVIL ACTION

VERSUS

16-422-SDD-RLB

EAST BATON ROUGE SCHOOL SYSTEM

## RULING AND ORDER

This matter is before the Court on the *Motion for More Definite Statement*[1] filed by Defendant, East Baton Rouge School System, pending since December 5, 2016, and the *Motion for Stay of Proceedings*[2] filed by *pro se* Plaintiff, Tabbatha Johnson. Defendant has filed an *Opposition*[3] to this motion. For the reasons which follow, Plaintiff's *Motion for Stay* will be denied, and she must timely file an opposition to Defendant's motion to maintain this action.

I.  **PROCEDURAL HISTORY**

Plaintiff received a briefing notice on the Defendant's motion advising her, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, that she had to file an opposition by December 26, 2016.[4] Instead, three days late, Plaintiff filed a motion seeking an extension of time to respond to Defendant's motion but

---

[1] Rec. Doc. No. 14.
[2] Rec. Doc. No. 22.
[3] Rec. Doc. No. 26.
[4] Rec. Doc. No. 15.
Document Number: 38371

also asking the Court to stay this case so she could file suit against the Equal Employment Opportunity Commission (EEOC). The Court denied Plaintiff's request to stay this matter, granted Plaintiff's request for an extension of time, and ordered Plaintiff to file a response to Defendant's motion on or before February 7, 2017.[5] Plaintiff missed this deadline, and the Court entered an *Order to Show Cause*[6] ordering Plaintiff to show cause in writing, by March 8, 2017, why her case should not be dismissed for failure to follow the Rules of Civil Procedure, the Local Rules of Court, and this Court's orders. Plaintiff timely responded to this *Order*, stating that she filed another motion to stay these proceedings so she can file suit against the EEOC and admitting that "this case was brought forth prematurely."[7]

Defendant has opposed this second *Motion to Stay*, noting that this case has now been pending almost nine months, and Plaintiff has taken few steps to prosecute her case.[8] Defendant contends Plaintiff has failed to satisfy the legal standard for a stay of proceedings. Moreover, Defendant contends that Plaintiff's alleged inadequacies of the EEOC investigation into her case are irrelevant to this proceeding against the School System. Indeed, Plaintiff received a Dismissal and Notice of Rights in April 2016, freeing her to pursue these claims, which she did by filing suit in September 2016. Further, Defendant maintains that any remedy against the EEOC would have no bearing on Plaintiff's claims in this case against the School System.

---

[5] *See Ruling*, Rec. Doc. No. 20.
[6] Rec. Doc. No. 21.
[7] Rec. Doc. No. 24.
[8] Rec. Doc. No. 26, p. 1.
Document Number: 38371

## II.     MOTION TO STAY PROCEEDINGS

It is well-settled that a district court has inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[9] This authority includes the district court's wide discretion to grant a stay in a pending matter.[10] When determining whether to exercise its discretion to stay proceedings, "relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."[11]

Considering these factors, the Court finds that a stay is not warranted in this case. Defendant has already demonstrated the prejudice it has suffered after nine months of inaction and nearly four months awaiting a response to a *Motion for More Definite Statement*. Defendant would be further prejudiced by staying this case to allow Plaintiff to prosecute a separate and distinct case against the EEOC which ultimately has no bearing of her claims against this Defendant. Plaintiff has failed to show her own hardship if the action is not stayed. Further, the Court finds a stay at this stage of the proceedings would result in a waste of judicial resources.

---

[9] *Amec Construction Management, Inc. v. Fireman's Fund Insurance Company*, No.    , 2016 WL 7468808, at *1 (M.D. La. May 31, 2016)(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Billiot v. Beavers*, No. 12-2946, 2015 WL 4397108, at *1 (E.D. La. July 13, 2015)).
[10] *Id.* (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *Francois v. City of Gretna*, No. 13-2640, 2014 WL 1118091, at *1 (E.D. La. Mar. 20, 2014)).
[11] *Rizk v. DePuy Orthopaedics, Inc.*, No. 11–2272, 2011 WL 4965498 at *2 (E.D.La. Oct. 19, 2011), citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09–235, 2009 WL 926982, at *1 (E.D.La. Apr. 2, 2009) (citation omitted).
Document Number: 38371

### III. CONCLUSION

For the reasons set forth above, Plaintiff shall have fourteen (14) days from the date of this *Ruling* to file an opposition to Defendant's *Motion for More Definite Statement*. The Court will not grant any further extensions of this deadline. Plaintiff's failure to timely oppose this motion will result in the <u>immediate</u> dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 3 day of April, 2017.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

Document Number: 38371