UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TABBATHA JOHNSON | CIVIL ACTION |
| VERSUS | |
| EAST BATON ROUGE SCHOOL SYSTEM | NO. 16-422-SDD-RLB |

# ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 61) filed on November 17, 2017. Plaintiff seeks an order requiring the Louisiana Department of Education ("Department") to comply with a subpoena. Defendant has filed an opposition. (R. Doc. 72).

Tabbatha Johnson ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. (R. Doc. 3). Plaintiff brings this employment discrimination against Plaintiff's former employer, East Baton Rouge School System ("Defendant"), pursuant to the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and various Louisiana state statutes. (R. Docs 1, 40).

On November 2, 2017, Plaintiff served a subpoena on the Department seeking the production of "All SPED Glasgow Middle School files (2008-2015)," as well as all communications concerning these files and Plaintiff. (R. Doc. 61-1 at 44-45).

On November 7, 2017, the Department produced certain "CallTrack Request Forms" and ten emails between Plaintiff and the Department. (R. Doc. 61-1 at 43; R. Doc. 61-1 at 46-75).

Plaintiff represents that on November 15, 2017, she served an "amended" subpoena on the Department. (R. Doc. 61 at 3). Through this subpoena, Plaintiff sought student folders with missing files, communications between the Department and parents of students regarding the missing files, and communications between the Department and Defendant concerning missing

files. (R. Doc. 61-1 at 76). The Department responded on November 16, 2017, asserting that it did not have any responsive documents. (R. Doc. 61-1 at 77).

Plaintiff now seeks an order compelling the Department to produce the documents sought in response to the "amended" subpoena.

Rule 45 provides that "[a]t any time, *on notice to the commanded person*, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). A court may not order compliance with a subpoena under Rule 45 unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See*, *e.g.*, *Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 68604, at *1 (M.D. La. Jan. 8, 2014), *reconsideration denied*, 2014 WL 204244 (M.D. La. Jan. 17, 2014). Here, the record does not indicate that the non-party Louisiana Department of Education has been served with a copy of Plaintiff's Motion to Compel. This Court will deny any future motion should the motion not indicate that notice was served on the non-party.

In addition, Rule 45(a)(4) provides that "[i]f the subpoena commands the production of documents . . ., then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The "purpose of such notice is to afford other parties an opportunity to object to the production or inspection." *Westside–Marrero Jeep Eagle, Inc. v. Chrysler Corp. Inc.,* No. 97-3012, 1998 WL 186705, at *7 (E.D. La. April 17, 1998) (citing prior version at Fed. R. Civ. P. 45(b)(1)). Failure to serve a copy of a subpoena upon an opposing party or to give notice of its content deprives that party of any meaningful right to object or to otherwise protect its interests.

Defendant represents that Plaintiff did not provide "a notice and a copy of the subpoena" prior to its service on the Department of the November 2, 2017 subpoena, and merely sent to defense counsel "a picture of the first page of the subpoena that she served on November 15, 2017." (R. Doc. 72 at 2 n.2). It is unclear from the foregoing representation whether Plaintiff provided a copy of the "amended" subpoena prior to service of the subpoena on the Department. Any motion seeking relief regarding a third party subpoena must demonstrate that the requirements of Rule 45(a)(4) have been satisfied. *See Hall v. Louisiana*, No. 12-657, 2014 WL 1652791, at *12 (M.D. La. Apr. 23, 2014) ("A party's failure to serve a copy of a subpoena on his opponent, as required by Rule 45(a)(4) has been held to substantiate a decision to quash the subpoena.") (punctuation and citations omitted).[1]

Finally, to the extent the instant motion seeks any specific relief from the Defendant, that request is likewise inappropriate. Plaintiff's subpoena was served on a non-party and there is no legal basis for compelling the Defendant to respond to a subpoena issued to the Department, a separate entity that is not a party to this suit.

Based on the foregoing,

**IT IS ORDERED** that the Plaintiff's Motion to Compel (R. Doc. 61) is **DENIED**.

Signed in Baton Rouge, Louisiana, on December 14, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In light of the issues raised in this Motion, and due to the still outstanding discovery related motions, the Court intends to evaluate whether additional third party discovery may be appropriate after the current deadline for fact discovery.