# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TABBATHA JOHNSON**                                      **CIVIL ACTION**

**VERSUS**

                                                          **NO. 16-422-SDD-RLB**

**EAST BATON ROUGE
SCHOOL SYSTEM**

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Compel (R. Doc. 54) filed on October 17, 2017. Plaintiff supplemented her filing with Defendant's Answers to Plaintiff's Interrogatories and Requests for Production. (R. Doc. 57). The motion is opposed. (R. Doc. 58). Plaintiff then filed an "amendment" to the motion to Compel (R. Doc. 59)[1] and a Reply (R. Doc. 64).

Also before the Court is Plaintiff's Motion to Compel (R. Doc. 67) filed on December 5, 2017. Plaintiff has filed a supplemental brief. (R. Doc. 70). The motion is opposed. (R. Doc. 96).

Also before the Court is Plaintiff's Motion to Compel Further Responses to Plaintiff's Second Set of Requests for Admission (R. Doc. 79; R. Doc. 80) filed on December 15, 2017. The motion is opposed. (R. Doc. 103).

Also before the Court is Plaintiff's Motion to Compel Further Responses to Plaintiff's Third Set of Requests for Admission (R. Doc. 82; R. Doc. 83) filed on December 15, 2017. The motion is opposed. (R. Doc. 102). Plaintiff filed a Reply. (R. Doc. 109).

Oral argument on the foregoing motions was held on January 9, 2018. (R. Doc. 108)

---

[1] Through this filing, Plaintiff appears to seek amendment of her motion to compel to identify certain interrogatories and requests for production at issue. (R. Doc. 59). The Court will consider this filing as a supplemental brief filed without leave of court. To the extent Plaintiff seeks to amend her motion to compel after the filing of an opposition, that relief is **DENIED**.

## I.      Background

Tabbatha Johnson ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. (R. Doc. 3). Plaintiff brings this employment discrimination against Plaintiff's former employer, East Baton Rouge School System ("Defendant"), pursuant to the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and various Louisiana state statutes. (R. Docs 1, 40).

Plaintiff alleges that while employed at Glasgow Middle School, a data breach occurred and staff members were coerced into participating in a cover up.  Plaintiff alleges that her employment was terminated in retaliation for her refusal to participate in the cover up.  Plaintiff raises a wide-range of claims "[b]ased on [whistleblower protection] for public employees, retaliation/reprisal, conspiracy, COBRA notification violation, harassment, racial discrimination, defamation, and forgery." (R. Doc. 40 at 1).  With regard to damages, Plaintiff seeks reinstatement of her employment, lost income and benefits, statutory penalties, damages related to emotional stress, and punitive and compensatory damages. (R. Doc. 40 at 4).

On or about June 7, 2017, Plaintiff served Defendant with twenty-five interrogatories and fifty requests for production. (R. Doc. 58-1).  After obtaining an extension from Plaintiff, Defendant provided its responses, including a four-page privilege log, on July 24, 2017. (R. Doc. 57-1).  Defendant asserts that it produced 511 responsive documents in this initial production. (R. Doc. 58 at 1-2).

On August 22, 2017, Plaintiff sent an email to defense counsel outlining alleged deficiencies with regard to Defendant's responses to Interrogatory Nos. 4, 8, 11, 13, 14, 15, 17, 18, 21, 22, and 24, and Request for Production No. 18. (R. Doc. 58-3).  Defendant provided responses to the alleged deficiencies on August 28, 2017. (R. Doc. 58-5).

On September 1, 2017, Defendant provided supplemental responses to its initial disclosures and Plaintiff's Requests for Production. (R. Doc. 58-6).

On September 20, 2017, Plaintiff sent an email to defense counsel outlining alleged deficiencies with regard to Defendant's responses to Interrogatory Nos. 2, 5, 6, 7, 19, 20, 21, 23, and 24, and Request for Production Nos. 1, 2, 5, 6, 7, 12, 19, 21, 23, and 24. (R. Doc. 58-7).

On September 27, 2017, the parties held a discovery conference, and Defendant agreed to supplement certain responses by October 6, 2017. (R. Doc. 58-9).

On October 5, 2017, Defendant provided supplemental responses (either informally or formally) to Interrogatory Nos. 1, 2, 4, 8, 11, 14, 15, 21, and 25, and Request for Production Nos. 15, 18, and 25. (R. Doc. 58-10).

On October 13, 2017, Plaintiff sent an e-mail to defense counsel stating that she still has not received "some responses" to her discovery requests. (R. Doc. 54-1 at 43).

On October 17, 2017, Plaintiff filed her first Motion to Compel certain discovery responses, representing that Defendant agreed to provide certain responses by October 13, 2017, but has failed to do so. (R. Doc. 54). Plaintiff states that the attached "Exhibit 'A' lists the specific documents requested that remain outstanding and/or provides why the responses were insufficient." (R. Doc. 54 at 1). The attached Exhibit A lists ten categories of information sought by Plaintiff. (R. Doc. 54-1 at 1-2).

On October 23, 2017, Defendant provided Plaintiff with a copy of a proposed protective order governing the exchange of confidential information, indicating that "[o]nce it is approved, [Defendant] will produce to [Plaintiff] any responsive documents that are within the scope of the order." (R. Doc. 58-12).

On November 6, 2017, Defendant filed its Opposition. (R. Doc. 58). Defendant argues that Plaintiff's Motion should be denied on the basis that it does not identify the specific interrogatories and/or requests for production at issue in violation of Local Rule 37. (R. Doc. 58 at 3-4). Nevertheless, Defendant addresses each of the ten issues raised by Plaintiff in Exhibit A and attempts to identify the specific interrogatories and/or requests for production at issue. (R. Doc. 58 at 4-10). Among other things, Defendant asserts that for certain categories all responsive documents have been produced, some information has been withheld on the basis of confidentiality, and/or the information sought was not originally sought in a timely discovery request.

On November 13, 2017, Plaintiff filed her purported "amendment" to her Motion to Compel, asserting that Defendant should be compelled to produce supplemental responses to Interrogatory Nos. 4, 10, 14, 15, 21, 23, and 24, and Request for Production Nos. 3, 4, 10, 13, 18, 21, 23, and 24. (R. Doc. 59). Plaintiff subsequently filed a Reply addressing the 10 issues discussed in the Motion to Compel, identifying Interrogatory Nos. 13 and 25 as being associated with the first and ninth categories identified in Exhibit A of the Motion to Compel. (R. Doc. 64).

Prior to the close of discovery, Plaintiff also filed her Motion to Compel responses to her First Set of Requests for Admission (R. Docs. 79, 80), her Motion to Compel responses to her Second Set of Requests for Admission (R. Docs. 82, 83), and her Motion to Compel responses to her Third Set of Requests for Admission (R. Docs. 82, 93). Defendant oppose these motions on the basis that its responses are adequate and/or Plaintiff failed to hold a discovery conference prior to the filing the foregoing motions. (R. Docs. 96, 102, 103).

At oral argument, the Court ordered the parties to meet-and-confer regarding Defendant's proposed protective order governing the exchange of confidential information, and for Defendant

to file an appropriate motion seeking entry of such a protective order on or before January 16, 2018. (R. Doc. 108).[2]

## II.  Law and Analysis

### A.  Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra*

---

[2] The Court will enter a protective order governing the exchange of confidential information prior to the deadline for Defendant to produce any additional information pursuant to this Order.

*Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to written discovery requests within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3). These default dates may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. With regard to requests for admission, a matter is deemed admitted if not timely answered. Fed. R. Civ. P. 36(a)(3). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Plaintiff's First Motion to Compel (R. Doc. 54)**

In support of this motion, Plaintiff does not identify the specific discovery requests in response to which she is seeking supplemental responses. Instead, Plaintiff identifies ten issues on which she seeks supplemental production. Accordingly, Plaintiff has violated Local Rule 37, which requires a party moving to compel responses to discovery requests to "quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided thereto." LR 37. Nevertheless, given that Plaintiff is proceeding *pro se*, and Defendant has identified certain Interrogatories and Requests for Production that appear to be at issue, the Court will consider whether any additional information and/or clarifications of responses must be provided by Defendant in light of the instant motion.

The "issues" raised by Plaintiff, and the Court's resolution of those issues, are as follows:

**Issue No. 1**
All documents concerning the persons that have knowledge of the facts relevant to the allegations in the complaint. Including all Glasgow Middle school IEP files (with signature pages) from the time in which the Plaintiff was an employee. The files were not included with discovery. The identity of all persons with whom the Defendant and its officers have communicated concerning the allegations in the Complaint. Defendant did not provide the names or respond to where the files were secured.

Defendant represents that it provided responsive information in original and supplemental answers to Interrogatory Nos. 1 and 2. (R. Doc. 58 at 4). Defendant further represents that Plaintiff's requests for production did not seek "All Glasgow Middle School IEP files (with signature pages) from the time in which Plaintiff was an employee," and that Plaintiff's interrogatories did not seek the location of where the IEP files were secured. (R. Doc. 58 at 5). At oral argument, Plaintiff was unable to identify any specific written discovery requests seeking the foregoing information. No additional response is required.

**Issue No. 2**
Produce all documents concerning the witnesses identified by the Defendant to the incident which led to the Plaintiffs termination. The defendant has not produced any documents about the person named as an eyewitness to the incident.

Defendant represents that it has produced all information responsive to this issue in response to various discovery requests, including Interrogatory Nos. 1 and 4, and Request for Production Nos. 1 and 3. (R. Doc. 58 at 5). No additional response is required.

**Issue No. 3**
The identity of all persons that have made complaints against the Defendant of employment discrimination, hostile work environment or retaliation (including a description of the allegations in detail. And the actions taken by the defendant in response). In the form of verbal and written complaints, lawsuits, agency filings, and other means by which employees have complained about employment discrimination. The defendant has requested that the Plaintiff sign a protective order. To only receive the identi[t]y of similarly situated individuals. The Plaintiff had initially agreed to do. However, as the Defendant has ceased to engage in the

attempts to resolve discovery issue. The Plaintiff now declines to do so. And ask
that the court rule on the necessity of a protective order.

Defendant represents that it "offered to provide plaintiff with limited information

regarding complaints alleging race discrimination and retaliation during the period from January

1, 2010 through December 31, 2015, provided she sign a protective order." (R. Doc. 58 at 6).

The Court agrees with Defendant that the information sought by Issue No. 3 is overly

broad.  Having considered the arguments of the parties, and without making a ruling as to

whether substitute teachers or teachers are similarly situated to Plaintiff, the Court will require

Defendant to provide the identity of paraprofessionals, substitute teachers, and/or teachers

employed at the same school as Plaintiff who submitted formal complaints to Defendant

regarding allegations of race discrimination, disability discrimination, and/or retaliation during

the period from January 1, 2010 through December 31, 2015.

**IT IS ORDERED** that Defendant shall produce the foregoing documents within **14 days**

from the date of this Order.

### Issue No. 4
The identity and actions of all individuals that participated in any investigation
done by the Defendant in response to the Plaintiffs Whistle-Blower disclosure. A
description their actions in detail. The documents regarding the investigation have
not produced.

Defendant represents that it has produced all information responsive to this issue in

response to Interrogatory No. 7, including various e-mails, a time line of events, and documents

regarding Defendant's investigation. (R. Doc. 58 at 7).  No additional response is required.

### Issue No. 5
Provide all communications regarding and documentation of compliance with
COBRA notice of continuation of coverage regarding the Plaintiff. The
documents have not been produced. Defendant has not responded to who the
Plaintiffs health insurance administrator was?

Defendant represents that Plaintiff did not seek this information in her actual discovery requests, and that Defendant responded "Yes" to Plaintiff's Interrogatory No. 17, which asked whether the Defendant timely provide Plaintiff's health insurance plan administrator with Plaintiff's COBRA eligibility. (R. Doc. 58 at 7). At oral argument, Defendant explained that it subsequently learned that it is in fact Plaintiff's health insurance plan administrator. No additional response is required.[3]

**Issue No. 6**
The identity of all similarly situated persons employed by the Plaintiff [sic] in the five-year period preceding the Plaintiffs termination. That were terminated, placed on leave, disciplined, investigated, or transferred because of complaints against them or as the result of discipline. The documents have not been produced.

Defendant appears to concede that this information was sought in response to Plaintiff's Interrogatory No. 11. (R. Doc. 58 at 8). Defendant argues that the request should be limited "to persons who were terminated for the same reason as plaintiff," and represents that it "offered to provide plaintiff with a list of all employees who were terminated for the same reasons as plaintiff during the period from January 1, 2010 through December 31, 2015, provided she sign a protective order." (R. Doc. 58 at 8).

At oral argument, Defendant argued that Plaintiff, who was employed as a paraprofessional (i.e., teacher's aide) is not similarly situated to substitute teachers. Furthermore, Defendant argued that the Court should limit the request to individuals actually terminated because those individuals are similarly situated to Plaintiff. Acknowledging the breadth of the information sought, Plaintiff suggested that the Court limit the request to employees who were terminated and/or disciplined.

---

[3] As set forth below, the Court will require Defendant to supplement its response regarding COBRA notification to eliminate any inaccuracy regarding the previous responses pertaining to the identity of the plan administrator.

Having considered the arguments of the parties, and without making a ruling as to whether substitute teachers or teachers are similarly situated to Plaintiff, the Court will require Defendant to provide the identity of paraprofessionals, substitute teachers, and teachers employed at the same school as Plaintiff who were terminated or otherwise disciplined, placed on leave, or transferred, in light of complaints against involving threats and/or assault of any employee during the period from January 1, 2010 through December 31, 2015.

**IT IS ORDERED** that Defendant shall produce the foregoing list of individuals within **14 days** from the date of this Order.

### Issue No. 7
The identity of all persons that reported the IEP files referred to in the complaint as missing. The documents have not been produced.

Defendant represents that in response to Interrogatory 19 it produced an "anonymous, undated letter that was mailed to parents of students in the ESS Program at Glasgow Middle School" and otherwise produced documents regarding the discovery of the missing IEP files and timeline of events. (R. Doc. 58 at 8). No additional response is required.

### Issue No. 8
A response to whether the Defendant provide any proof that Plaintiff violated employee policy? If it was not submitted. Why was it not? The documents have not been produced.

Defendant represents that in response to Interrogatory 20 it "indicated that it reported plaintiff's termination in accordance with the requirements of the Louisiana Workforce Commission" and produced information provided to the Workforce Commission. (R. Doc. 58 at 9). No additional response is required.

### Issue No. 9
All documents referring to check number 67672799. Documents have not been produced.

Defendant represents that in response to Interrogatory 25 it produced Plaintiff's payroll records for the period from January 2009 to October 2015, and subsequently informed Plaintiff that "it does not have any records to indicate a check bearing this number issued to plaintiff." (R. Doc. 58 at 9). No additional response is required.

**Issue No. 10**
The identity of the authors to defendant's discovery documents DEF003 and DEF 004. The information has not been produced.

Defendant represent that this issue was not raised at a discovery conference, but nevertheless identified the author of the documents as Erin Howard. No additional response is required.

**C. Plaintiff's Second Motion to Compel (R. Doc. 67)**

Plaintiff seeks to compel further responses to her First Set of Requests for Admission Nos. 3, 5, 6, 7, 8, 10, 11, 13, and 14 and/or deem the requests to be admitted. While the record suggests that Plaintiff did not hold a proper Rule 37(a)(1) conference prior to filing her motion, and certainly did not raise any issue to Defendant prior to filing her motion with respect to Request for Admission Nos. 5 and 14 (*See* R. Doc. 96 at 2), the Court will consider whether any additional responses to those requests are merited.

Plaintiff's requests for admission, Defendant's responses (as represented by Plaintiff), and the Court's resolution of the discovery disputes regarding those requests for admission, are as follows:

**Request for Admission No. 3:**
Admit or Deny that Witness to the incident for which the Plaintiff was terminated Stephanie Dudley had numerous complaints of inappropriate behavior policy violations?

**Response:**
The School System objects to Request for Admission No. 3 on the grounds that it is irrelevant and seeks confidential information about an individual who is not party to this litigation.

At oral argument, the parties represented that Stephanie Dudley is a substitute teacher.

Accordingly, Defendant argues that Ms. Dudley and Plaintiff were not similarly situated.

Without concluding whether Plaintiff was similarly situated to substitute teachers, the Court will

require Defendant to admit or deny the request for admission.

**IT IS ORDERED** that Defendant shall admit or deny Request for Admission No. 3

within **14 days** from the date of this Order.

**Request for Admission No. 5:**
As a certificated non-tenured teacher Walita Paul had a similar situated employee status to that of the Plaintiff?

**Response:**
The School System objects to Request for Admission No. 5 on the grounds that it is irrelevant and seeks confidential information about an individual who is not party to this litigation. Subject to these objections, denied. Walita Paul was employed as a certified teacher, and plaintiff was employed as a paraprofessional; therefore, they were not similarly situated.

Defendant's response to Request for Admission No. 5, while qualified, is sufficient. No

additional response is required.

**Request for Admission No. 6:**
Admit or deny that Walita Paul as certificated non-tenured teacher was not entitled to a hearing before the school board?

**Response:**
The School System objects to Request for Admission No. 6 on the grounds that it is irrelevant and seeks confidential information about an individual who is not a party to this litigation. Subject to these objections, under the terms of the Dismissal of Employees Policy (previously produced as documents bates labeled DEF0107-DEF110, certificated non-tenured teachers are not entitled to a hearing before the School Board.

Defendant's response to Request for Admission No. 6, while qualified, is sufficient. No additional response is required.

### Request for Admission No.7:
Admit or deny Walita Paul was accused of threatening Vice Principal Shana Wilson in Fall of 2015?

### Response:
The School System objects to Request for Admission No. 7 on the grounds that it is irrelevant and seeks confidential information about individuals who are no parties to this litigation.

At oral argument, the parties represented that Walita Paul is a certified teacher at the same school in which Plaintiff worked. Defendant argues that Ms. Paul and Plaintiff were not similarly situated. Without concluding whether Plaintiff was similarly situated to certified teachers, the Court will require Defendant to admit or deny the request for admission.

**IT IS ORDERED** that Defendant shall admit or deny Request for Admission No. 7 within **14 days** from the date of this Order.

### Request for Admission No. 8
Admit or deny Walita Paul had requested on numerous occasions to be transferred to another work location before she was accused of threatening Shana Wilson?

### Response:
The School System objects to Request for Admission No. 9 on the grounds that it is irrelevant and seeks confidential information about individuals who are not parties to this litigation.

For the reasons stated above, without concluding whether Plaintiff was similarly situated to Ms. Paul, a certified teacher, the Court will require Defendant to admit or deny the request for admission.

**IT IS ORDERED** that Defendant shall provide a supplemental response to Request for Admission No. 8 within **14 days** from the date of this Order.

**Request for Admission No. 10:**
Admit or deny Vice Principal Shana Wilson during meetings with Human
Resources/Central Office. Stated that she feared Walita Paul would attempt to
physically harm her?

**Response:**
The School System objects to Requests for Admission No. 10 on the grounds that
it is irrelevant and seeks information about individuals who are not parties to this
litigation.

At oral argument, Defendant represented that it did not have sufficient information to

answer the request for admission because Plaintiff has not produced the underlying recording.

Without concluding whether Plaintiff was similarly situated to Ms. Paul, a certified teacher, the

Court will require Defendant to admit or deny the request for admission.

**IT IS ORDERED** that Defendant shall provide a supplemental response to Request for

Admission No. 10 within **14 days** from the date of this Order. Defendant must further

supplement its response if information produced by Plaintiff requires modification of

Defendant's response.

**Request for Admission No. 11**
Admit or deny Plaintiff did not use vulgar/inappropriate language during meeting
with Human Resources/Central Office?

**Response:**
Denied. The School System has made reasonable inquiry, and based on the notes
of the meetings (previously produced as Bates labeled DEF 0147-DEF 150 and
DEF 0153-DEF 0158), the School System is unable to admit or admit or deny this
statement for lack of sufficient information.

Defendant's response to Request for Admission No. 11 is sufficient. No additional

response is required.

**Request for Admission No. 13**
Plaintiff did sign IEP documents as employee of the Defendants?

**Response:**
Denied. As a paraprofessional, plaintiff was not required to sign IEP's.

Defendant does not directly answer the request for admission, which seeks an admission or denial with regard to whether Plaintiff herself signed any IEP documents. At oral argument, Defendant represented that neither Plaintiff nor any other paraprofessional signed such documents. The Court will require Defendant to formally modify its response to reflect this representation.

**IT IS ORDERED** that Defendant shall provide a supplemental response to Request for Admission No. 13 within **14 days** of the date of this Order.

> **Request for Admission No. 14:**
> Defendant did not provide the Plaintiffs health insurance plan administrator of the plaintiffs COBRA eligibility?
>
> **Response:**
> Denied. The School System is the plan administrator of its health insurance plan, and therefore, was aware of plaintiff's COBRA eligibility

Defendant represents that it responded "Yes" to Plaintiff's Interrogatory No. 17, which asked whether the Defendant timely provide Plaintiff's health insurance plan administrator with Plaintiff's COBRA eligibility. (R. Doc. 58 at 7). At oral argument, Defendant explained that it subsequently learned that it is in fact Plaintiff's health insurance plan administrator. To avoid any further confusion, the Court will require Defendant to supplement its responses to reflect this representation.

**IT IS ORDERED** that Defendant shall provide a supplemental response to Interrogatory No. 17 and/or Request for Admission No. 14 within **14 days** of the date of this Order.

### C. Plaintiff's Third Motion to Compel (R. Doc. 79)

Plaintiff seeks to compel further responses to her Second Set of Requests for Admission Nos. 1, 2, 3, 4, 5, and 6. While the record suggests that Plaintiff did not hold a proper Rule 37(a)(1) conference prior to filing her motion with respect to these requests for admission (R.

Doc. 103 at 2), the Court will consider whether any additional responses to those requests are

merited.

Plaintiff's requests for admission, Defendant's responses (as represented by Plaintiff),

and the Court's resolution of the discovery disputes regarding those requests for admission, are

as follows:

**Request for Admission No. 1:**
Admit that the purported eyewitness to the incident for which the Plaintiff was
terminated (J. Anderson) was not present; and did not submit a statement
concerning the incident?

**Response:**
Denied. Ms. Jessica Anderson was present at Capitol Elementary when the
incident between plaintiff and Tekisha Lewis occurred. The School System
admits that Ms. Anderson did not submit a written statement to Human Resources
concerning the incident.

Defendant's response to Request for Admission No. 1 is sufficient. No additional

response is required.

**Request for Admission No. 2:**
Admit that no investigation criminal and/or otherwise was conducted into the
Glasgow Middle School IEP files and/or Cumulative folders (nor did a
disgruntled current/ and or former employee hide student records in May 2015,
then report them as missing and then send a letter to parents with a copy of a
stolen driver's license. Of a current/ and or former school system employee); and
that no record of any investigation conducted exists?

**Response:**
The School System objects to this request because it includes multiple subparts
and presumes a criminal investigation was warranted. Subject to this objection,
the School System investigated the situation involving missing IEP files at
Glasgow Middle School and determined the situation had been resolved, and
Glasgow Middle School has adopted and implemented new safe guards regarding
IEP files. After the investigation, some of the missing files were located in the
classroom of a former School System employee.

Defendant's response to Request for Admission No. 2 is sufficient. No additional

response is required.

**Request for Admission No. 3:**
Admit that the Plaintiff and other paraprofessionals employed by the Defendant
have signed documents contained in the School Systems IEP and/or Cumulative
folders?

**Response:**
The School System objects to this requests to the extent it is repetitive.
Subject to this objection, denied. Plaintiff and other paraprofessional employed by
the School System are not required to sign IEPs. See also Response to request for
Admission No. 13 in plaintiffs' First Set of Requests for Admission.

Defendant does not directly answer the request for admission, which seeks an admission

or denial with regard to whether Plaintiff herself or other paraprofessionals signed any IEP

documents.  At oral argument, Defendant represented that neither Plaintiff nor any other

paraprofessional signed such documents. The Court will require Defendant to formally modify

its response.

**IT IS ORDERED** that Defendant shall provide a supplemental response to Request for

Admission No. 3 within **14 days** of the date of this Order.

**Request for Admission No. 4:**
Admit that the missing documents IEP files and/or Cumulative folders referred to
in the lawsuit have not been reported to state, legal, educational or law
enforcement authorities; nor the parents of Glasgow Middle students?

**Response:**
The School System objects because the request assumes notice to the enumerated
persons was required. Subject to this objection, denied. The appropriate persons
were notified regarding the situation involving missing IEP Folders.
Representatives of the School System communicated with various state agencies
and parents regarding the incident.

Defendant's response to Request for Admission No. 4 is sufficient.  No additional

response is required.

**Request for Admission No. 5:**
Admit that the plan administrator of the Plaintiff's health insurance was not
notified of her qualifying event for COBRA continuation of coverage; nor was the
Plaintiff sent a formal COBRA Continuation of Coverage notice?

**Response:**
The School System objects to this request because it is repetitive. Subject
to this objection, denied. Consistent with the School System's normal practice,
plaintiff was provided a COBRA notice. See also Response to Request for
Admission No. 14 to plaintiffs First Set of Request for Admission.

Defendant represents that it responded "Yes" to Plaintiff's Interrogatory No. 17, which

asked whether the Defendant timely provide Plaintiff's health insurance plan administrator with

Plaintiff's COBRA eligibility. (R. Doc. 58 at 7). At oral argument, Defendant explained that it

subsequently learned that it is in fact Plaintiff's health insurance plan administrator. To avoid

any further confusion, the Court will require Defendant to supplement its responses.

**IT IS ORDERED** that Defendant shall provide a supplemental response to Interrogatory

No. 17 and/or Request for Admission No. 5 within **14 days** of the date of this Order.

**Request for Admission No. 6:**
Admit that the parent resource center where the (IEP files and/or Cumulative
Folders) referred to in the lawsuit was accessible to the public during May 2015?

**Response:**
Denied. The Parent Resource Center was not accessible to the public at the times
IEP files were being reviewed.

Defendant's response to Request for Admission No. 4 is sufficient. No additional

response is required.

**D.    Plaintiff's Fourth Motion to Compel (R. Doc. 82)**

Plaintiff seeks to compel further responses to her Third Set of Requests for Admission

Nos. 1, 2, 3, and 4. While the record suggests that Plaintiff did not hold a proper Rule 37(a)(1)

conference prior to filing her motion with respect to these requests for admission (R. Doc. 102 at

2), the Court will consider whether any additional responses to those requests are merited.

Plaintiff's requests for admission, Defendant's responses (as represented by Plaintiff), and the Court's resolution of the discovery disputes regarding those requests for admission, are as follows:

**Request for Admission No. 1:**
Admit that there was no **original** notification letter sent by the Department of Education. To Glasgow Middle School parents that the files referred to in the lawsuit were reported and/or found to be missing in May 2015?

**Response:**
The School System objects to Request for Admission No. 1 on the grounds that the request related to the alleged action or inaction of a third party over which the School System has no control. As a result the School System is unable to admit or deny this statement for lack of sufficient information.

Defendant's response to Request for Admission No. 1 is sufficient. No additional response is required.

**Request for Admission No. 2:**
Admit that there are no **original** IEP and/or Cumulative documents referred to in email(s); in which Assistant Vice Principal Shana Wilson directed ESS staff members to recreate the missing documents in existence?

**Response:**
The School System is unable to admit or deny this request because it is unclear.

At oral argument, the Court asked Plaintiff to clarify the foregoing request for admission. Plaintiff directed the Court to an e-mail from Ms. Wilson directing staff to recreate missing documents. Defendant represented to the Court that approximately 25 physical files were missing. Defendant further represented that, as suggested in response to Plaintiff's Interrogatory No. 13, the missing documents were printed from the State's Special Education Reporting database. (*See* R. Doc. 82-1 at 16)

Based on the foregoing, the Court finds Defendant's response to the Request for Admission No. 2 to be sufficient. As discussed at oral argument, however, Plaintiff appears to be seeking through Request for Admission No. 2 and Interrogatory No. 13 information regarding

the extent to which IEP files were missing and/or lost, and the extent to which files were reproduced by printing them from the State's Special Education Reporting database.

Accordingly,

**IT IS ORDERED** that Defendant shall inform Plaintiff of (1) the exact number of IEP files that were determined by Defendant to be missing and/or lost, and (2) the exact number of IEP files that Defendant reproduced by printing them from the State's Special Education Reporting database, within **14 days** of the date of this Order. This supplemental response shall satisfy Defendant's duties with regard to responding to Request for Admission No. 2 and Interrogatory No. 13.

**Request for Admission No. 3:**
Admit that witness Stephanie Dudley while employed by the Defendant was accused of slamming a student into a wall by another employee?

**Response:**
The School System objects to Request for Admission No. 3 on the grounds that it is irrelevant and seeks information about an individual who is not party to this litigation.

Without concluding whether Plaintiff was similarly situated to Ms. Dudley, a substitute teacher, the Court concludes that the information sought is within the scope of discovery.

**IT IS ORDERED** that Defendant shall admit or deny Request for Admission No. 3 within **14 days** from the date of this Order.

**Request for Admission No. 4:**
Admit that witness Stephanie Dudley was asked by a Principal of the School System (Melrose Elementary or another school) not to return to the school as a substitute teacher due to an incident(s)/ misconduct, and/or policy violations?

**Response:**
The School System objects to Request for Admission No. 4 on the grounds that it is irrelevant and seeks confidential information about an individual who is not party to this litigation.

Without concluding whether Plaintiff was similarly situated to Ms. Dudley, a substitute teacher, the Court concludes that the information sought is within the scope of discovery.

**IT IS ORDERED** that Defendant shall admit or deny Request for Admission No. 3 within **14 days** from the date of this Order.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's First Motion to Compel (R. Doc. 54) be **GRANTED IN PART and DENIED IN PART**.  Defendant shall provide supplemental responses to Issue Nos. 3 and 6, as detailed in the body of this Order, within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Compel (R. Doc. 67) be **GRANTED IN PART and DENIED IN PART**.  Defendant shall provide supplemental responses to Request for Admission Nos. 3, 7, 8, 10, 13, and 14 of Plaintiff's First Set of Requests for Admission, as detailed in the body of this Order, within **14 days** of the date of this Order.  Based on the representations made during oral argument, Defendant shall likewise supplement its response to Interrogatory No. 17 within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion to Compel (R. Doc. 79) be **GRANTED IN PART and DENIED IN PART**.  Defendant shall provide supplemental responses to Request for Admission Nos. 3 and 5 of Plaintiff's Second Set of Requests for Admission, as detailed in the body of this Order, within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Motion to Compel (R. Doc. 82) be **GRANTED IN PART and DENIED IN PART**.  Defendant shall provide supplemental responses to Request for Admission Nos. 2, 3, and 4 of Plaintiff's Third Set of Requests for Admission, as detailed in the body of this Order, within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on January 19, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**