# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TABBATHA JOHNSON                            CIVIL ACTION

VERSUS

                                                                  NO. 16-422-SDD-RLB

EAST BATON ROUGE
SCHOOL SYSTEM

## ORDER

Before the Court is Defendant's Motion to Compel (R. Doc. 55) filed on October 20, 2017. The motion is opposed. (R. Docs. 56, 65).

Also before the Court is Defendant's Motion to Depose Plaintiff Beyond the Discovery Deadline (R. Doc. 71) filed on December 7, 2017. The motion is opposed. (R. Doc. 87). Defendant has filed a Reply. (R. Doc. 99).

Also before the Court is Defendant's Second Motion to Compel (R. Doc. 78) filed on December 15, 2017. The motion is opposed. (R. Doc. 100).

Oral argument on the foregoing motions was held on January 9, 2018. (R. Doc. 108).

## I. Background

Tabbatha Johnson ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. (R. Doc. 3). Plaintiff brings this employment discrimination against Plaintiff's former employer, East Baton Rouge School System ("Defendant"), pursuant to the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and various Louisiana state statutes. (R. Docs 1, 40).

Plaintiff alleges that while employed at Glasgow Middle School, a data breach occurred and staff members were coerced into participating in a cover up. Plaintiff alleges that her employment was terminated in retaliation for her refusal to participate in the cover up. Plaintiff raises a wide-range of claims "[b]ased on [whistleblower protection] for public employees,

retaliation/reprisal, conspiracy, COBRA notification violation, harassment, racial discrimination, defamation, and forgery." (R. Doc. 40 at 1). With regard to damages, Plaintiff seeks reinstatement of her employment, lost income and benefits, statutory penalties, damages related to emotional stress, and punitive and compensatory damages. (R. Doc. 40 at 4).

On July 7, 2017, Defendant served Plaintiff with eleven interrogatories and sixteen requests for production, and requested available dates for a deposition. (R. Doc. 55-1).

On August 11, 2017, Defendant inquired into the status of Plaintiff's discovery responses and available deposition dates. (R. Doc. 55-2). Plaintiff requested an extension to provide responses in light of her desire to obtain third-party discovery, and subsequently agreed to provide responses by August 20, 2017. (R. Doc. 55-4). In her written responses provided on August 20, 2017, Plaintiff objected to the discovery requests on the basis that they were overly broad, unduly burdensome, not proportional to the needs of the case, and/or the information sought was protected pursuant to the work product doctrine. (R. Doc. 55-5). Defendant represents that Plaintiff did not produce any documents or dates for her deposition. (R. Doc. 55-14 at 3).

On August 24, 2017, Defendant sent Plaintiff a letter requesting supplemental discovery responses, including a privilege log, and deposition dates by September 1, 2017. (R. Doc. 55-6).

On August 29, 2017, the Court held a telephone status conference at Defendant's request (R. Doc. 45), and subsequently extended the non-expert discovery deadline to December 15, 2017 (R. Doc. 47).

On September 5, 2017, Plaintiff informed Defendant that she was working on providing "complete responsive documents" and a privilege log. (R. Doc. 55-7).

On September 20, 2017, Plaintiff provided her supplemental responses and a privilege log identifying 12 withheld documents. (R. Doc. 55-10). Defendant represents that Plaintiff

2

produced six documents and failed to provide an available date for her deposition. (R. Doc. 55-14 at 4).

On September 27, 2017, the parties held a discovery conference, and Plaintiff agreed to supplement certain responses by October 6, 2017. (R. Doc. 55-11).

On October 6, 2017, Plaintiff provided second supplemental responses for Interrogatory Nos. 1-11, and Request for Production Nos. 1-11. (R. Doc. 55-12). Among other things, Plaintiff stated that she has "no reason" to amend her previous responses to the requests for production and certain interrogatories. Plaintiff indicated that she was available to have her deposition taken on November 1, 2, or 3. Plaintiff subsequently produced 10 responsive documents and copies of two subpoenas. (R. Doc. 55-13).

On October 20, 2017, Defendant filed its First Motion to Compel. (R. Doc. 55). Defendant seeks supplemental productions in response to Interrogatory Nos. 2, 3, 5, 8, 11, and Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, and 15. Defendant also seeks an order allowing them to depose Plaintiff after the supplemental responses have been provided. In opposition, Plaintiff represents that she "has now produced nearly fifty pages of responsive documents." (R. Doc. 56). Plaintiff does not, however, provide any substantive arguments in support of her refusal to provide supplemental responses to the foregoing discovery requests.

On December 3, 2017, Plaintiff provided Defendant with an updated privilege log identifying additional withheld audio recordings and her EEOC charge. (R. Doc. 78-17).

On December 7, 2017, Defendant filed its motion requesting that it be allowed to depose Plaintiff beyond the current discovery deadline of December 15, 2017. (R. Doc. 71). In opposition, Plaintiff asserts that Defendant has been negligent in not securing documents necessary to take Plaintiff's deposition and that there is not good cause for modification of the discovery deadline. (R. Doc. 87).

On December 15, 2017, Defendant filed its Second Motion to Compel. (R. Doc. 78). Defendant seeks an order compelling Plaintiff to "(a) produce responsive documents that are complete and legible, (b) supplement her Initial Disclosures to comply with FRCP 26(a), (c) produce copies of subpoenas served on third parties and information received in response to those subpoenas, and (d) produce audio recordings and the EEOC charge of Walita Paul. . . ." (R. Doc. 78 at 1).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the

burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

### B. Defendant's First Motion to Compel (R. Doc. 55)

#### 1. Plaintiff's Previous Legal Proceedings and Work History

Interrogatory Nos. 2, 3, 5, and 11 seek information regarding Plaintiff's previous legal proceedings and work history. The discovery requests, and Plaintiff's most recent supplemental responses, are as follows:

> **Interrogatory No. 2:**
> Please list each and every grievance, lawsuit or other legal or administrative proceeding, including criminal charges, EEOC charges, workers' compensation claims and unemployment claims, in which plaintiff has been a party, including the caption of the lawsuit or proceeding, the court or agency in which it was

5

pending, the case or matter number, the general nature of the case or proceeding, and the outcome.

**Plaintiff's October 6, 2017 Response to Interrogatory No. 2:**
Plaintiff objects because it is overly broad. Because it seeks information that is irrelevant and not proportional to the needs of the case. Plaintiff will produce copies of Social security determination and unemployment claims since termination.

**Interrogatory No. 3:**
For all employers for whom plaintiff has worked subsequent to the date on which her employment with the School System ended, please state:

    a. the name of the employer;
    b. the address and telephone number of the employer;
    c. the dates of plaintiff's employment;
    d. plaintiff's rate of pay and total earnings received from the employer; and
    e. if plaintiff is no longer employed with the employer, the reason for her termination.

**Plaintiff's October 6, 2017 Response to Interrogatory No. 3:**
Plaintiff will subpoena documentation to produce for this request. Plaintiff will produce a copy of subpoena.

**Interrogatory No. 5:**
If plaintiff has been unemployed for more than thirty (30) consecutive days since her employment with the School System ended, identify each employer to whom plaintiff has made application for work during such period or periods of unemployment, its address and telephone number, the position for which she applied, and if she declined an offer of employment, the reason she did so.

**Plaintiff's October 6, 2017 Response to Interrogatory No. 5:**
Plaintiff will subpoena the Louisiana Department of Labor. To secure documentation to produce for this request. Plaintiff will produce a copy of subpoena.

**Interrogatory No. 11:**
Has plaintiff filed an application for unemployment benefits, workers' compensation benefits, welfare, social security benefits, disability benefits, or any other assistance from any government agency? If yes, please list the agency, the date of the application, the specific reason for filing an application, the determination and/or decision of the agency, and the amount of benefits received.

**Plaintiff's October 6, 2017 Response to Interrogatory No. 11:**
Plaintiff objects because it is overly broad. Because it seeks information that is irrelevant and not proportional to the needs of the case. Plaintiff will produce

copies of any Social Security determination and unemployment claims since termination.

Given the pleadings and Plaintiff's lack of any argument in support of finding otherwise, the Court concludes that the foregoing discovery requests seek information within the scope of discovery. As explained at oral argument, Plaintiff must provide the information sought in the foregoing interrogatories to the best of her ability without first obtaining information from a third-party. To the extent Plaintiff obtains additional non-privileged responsive information from third parties, Plaintiff must immediately supplement her responses by providing the additional information obtained.

**IT IS ORDERED** that Plaintiff shall provide complete responses to Interrogatory Nos. 2, 3, 5, and 11 within **14 days** of the date of this Order.

### 2. Plaintiff's Medical Treatment

Interrogatory No. 8 and Request for Production No. 6 seek information regarding Plaintiff's medical treatment. The discovery requests, and Plaintiff's most recent supplemental responses, are as follows:

> **Interrogatory No. 8:**
> Please identify all physicians, therapists, nurses, psychologists, psychiatrists, or other health care providers or counselors, including mental health care providers and counselors, who have consulted with, treated or examined plaintiff for any reason since January 1, 2012. For each such health care provider, please state the date on which plaintiff was consulted with, treated, or examined and the reason or reasons for the consultation, treatment or examination.
>
> **Plaintiff's October 6, 2017 Response to Interrogatory No. 8:**
> Plaintiff will subpoena mental health care provider documentation to produce for this request. Plaintiff will produce a copy a subpoena.
>
> **Request for Production No. 6:**
> Please produce all documents pertaining to any treatment or communications with any health care professional or counselor, including mental health care professionals and counselors, who have consulted with, examined, or treated plaintiff from January 1, 2012 to the present.

7

> **Plaintiff's September 20, 2017 Response to Request for Production No. 6:**
> The initial request was for *ANY* health care provider that consulted, examined, or treated the Plaintiff. From January 1, 2012 to present which is overly broad and not proportional to the needs of the case. The amended complaint seeks "maximum emotional damages." The Plaintiff is in the process of obtaining information to related medical treatment. Plaintiff will supplement the answer to this interrogatory.

Given the damages sought by Plaintiff, and Plaintiff's lack of any argument in support of finding otherwise, the Court concludes that the foregoing discovery requests seek information within the scope of discovery. The information sought is particularly relevant to Plaintiff's claims for recovery of "maximum emotional damages."

Plaintiff must provide a complete response to Interrogatory No. 8 to the best of her ability without first obtaining information from a third-party. To the extent Plaintiff obtains additional non-privileged responsive information from third parties, Plaintiff must immediately supplement her responses by providing the additional information obtained.

With regard to Request for Production No. 6, the Court informed the parties at oral argument that it would require Plaintiff to produce all non-privileged responsive documents in her personal possession, including any documents obtained from medical providers during discovery. If necessary, upon motion of Defendant, the Court may require Plaintiff to obtain and produce additional relevant documents form medical providers identified in response to Interrogatory No. 8, or to otherwise sign a medical release form allowing Defendant to obtain the relevant information.

**IT IS ORDERED** that Plaintiff shall provide a complete response to Interrogatory No. 8 and an updated response to Request for Production No. 6 as outlined above within **14 days** of the date of this Order.

### 3. Plaintiff's Employment with Defendant

Interrogatory No. 1 seek information regarding Plaintiff's employment with defendant. The discovery request, and Plaintiff's most recent supplemental response, is as follows:

**Request for Production No. 1:**
Please produce all documents relating to plaintiff's employment with defendant.

**Plaintiff's September 20, 2017 Response to Request for Production No. 1:**
Plaintiff has no responsive documents.

In her initial disclosures, Plaintiff stated that she would rely upon documents regarding her employment with the school system, her separation from employment, other employee's employment with the school system, her wages, her retirement account, her COBRA continuation coverage, and her whistleblower allegations. (R. Doc. 23). Defendant represents in its motion that Plaintiff has not produced these documents identified in initial disclosures. (R. Doc. 55-14 at 12 n.8).

At oral argument, Plaintiff represented she has since provided all of the foregoing information identified in her initial disclosures, including all documents responsive to this discovery request. Defendant represented that Plaintiff has indeed produced certain documents as responsive to Request for Production No. 1, but that it has been unable to review them in light of the their illegible condition. The Court will address the issue of illegible documents produced by Plaintiff below.

Based on the foregoing, the Court concludes that Plaintiff has supplemented her response to Request for Production No. 1 by indicating that she has produced all responsive documents in her possession, custody, or control. Plaintiff is reminded that she has a continuing obligation to supplement her response to this discovery request, as well as any other discovery request made by Defendant, to the extent she obtains additional responsive information.

### 4. Documents Withheld Pursuant to the Work Product Doctrine

In her September 20, 2016 supplemental responses, Plaintiff objected to Requests for Production Nos. 2, 7, 8, 9, 11, and 15 on the basis that the information sought is protected by the work product doctrine. The discovery requests are as follows:

**Request for Production No. 2:**
Please produce all documents which reflect favorably or unfavorably on plaintiff's employment with defendant.

**Request for Production No. 7:**
Please produce all audio and video recordings of any conversations with any agent, representative, or employee of defendant, as well as transcripts of such recordings.

**Request for Production No. 8:**
Please produce all documents which plaintiff contends support any allegation or claim asserted in this action.

**Request for Production No. 9:**
Please produce all documents which relate or pertain in any way to any allegation or claim asserted by plaintiff in this action.

**Request for Production No. 11:**
Please produce all documents reflecting any monetary or other damages allegedly sustained by plaintiff in connection with the claims she asserts in this matter.

**Request for Production No. 15:**
Please produce all documents obtained by plaintiff as a result of her employment with defendant, including but not limited to, any and all documents which plaintiff took with her when her employment with defendant ended.

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The moving party may discover relevant information, however, if the "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

Work product protection does not extend to the underlying relevant facts, *Piatkowski v. Abdon Callais Offshore, L.L.C.*, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000), or to documents assembled in the ordinary course of business, *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

The party asserting protection under the work product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Lasalle Bank N.A. v. Mobile Hotel Props., LLC,* No. 03-2225, 2004 WL 1238024, at *2 (E.D. La. June 3, 2004). In the Fifth Circuit, while litigation need not necessarily be imminent, the primary motivating purpose behind the creation of the document must be to aid in possible future litigation. *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981). The "[f]actors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Gator Marshbuggy Excavator L.L. C. v. M/V Rambler*, No. 03-3220, 2004 WL 1822843, at *3 (E.D. La. Aug. 12, 2004). Although the involvement of an attorney is not dispositive, it is a "highly relevant factor . . . making materials more likely to have been prepared in anticipation of litigation." *Carroll v. Praxair, Inc.,* No. 05-307, 2006 WL 1793656, at *2 (W.D. La. Jun. 28, 2006).

Plaintiff's privilege log identifies at least ten e-mail correspondences and two audio recordings that were withheld from production concerning issues such as Plaintiff's wages, work-related meetings, COBRA coverage, EEOC charge, and Plaintiff's termination date. (R. Doc. 55-10 at 4-6). Defendant represents that Plaintiff produced two of the documents listed on the privilege log with her supplemental production on October 6, 2017. (R. Doc. 55-14 at 14).

11

At oral argument, the Court questioned Plaintiff on her basis for withholding documents on the basis of the work product doctrine. Plaintiff was unable to extend any argument establishing that the withheld documents are protected by the work product doctrine. Plaintiff's representations at oral argument indicate that the information withheld on the privilege log is not Plaintiff's work product, but instead information obtained in the course of the investigation of her claims. Based on the foregoing, the Court concludes that Plaintiff has not met her burden of establishing that work product immunity applies to the withheld documents identified on her privilege log.

**IT IS ORDERED** that Plaintiff shall produce all documents responsive to Requests for Production Nos. 2, 7, 8, 9, 11, and 15, including all documents (including audio recordings) identified by Plaintiff on her privilege log within **14 days** of the date of this Order.

### 5. Additional Requests for Production

In her September 20, 2016 supplemental responses, Plaintiff did not object to Requests for Production Nos. 3, 4, 5, and 12, and stated that she would obtain the information sought and supplement her response and, with regard to Request for Production No. 12, would provide all documents in her possession. Those discovery requests provide the following:

**Request for Production No. 3:**
Please produce all documents, including but not limited to, check stubs, W-2 forms, and income tax returns, that reflect plaintiff's earnings and income from January 1, 2012, until the present.

**Request for Production No. 4:**
Please produce all documents which reflect plaintiff's efforts to obtain employment after her employment with defendant ended.

**Request for Production No. 5:**
Please produce all documents pertaining to any employment of plaintiff since her employment with defendant ended, including documents reflecting the nature of plaintiff's employment, wages and benefits.

**Request for Production No. 12:**
Please produce all documents which plaintiff sent to or received from the Louisiana Human Rights Commission, the Equal Employment Opportunity Commission, the Louisiana Workforce Commission, or any other governmental entity concerning her employment with the School System.

Plaintiff did not object to the foregoing discovery requests in her supplemental responses. Given the pleadings, including Plaintiff's claims for damages, as well as Plaintiff's lack of any argument in support of finding otherwise, the Court concludes that the foregoing discovery requests seek information within the scope of discovery. Plaintiff must produce all responsive documents within her possession, custody, or control. To the extent Plaintiff obtains additional responsive documents from third parties, Plaintiff must immediately produce those additional documents to Defendant.

**IT IS ORDERED** that Plaintiff shall produce all non-privileged documents in her possession, custody, or control that are responsive to Request for Production Nos. 3, 4, 5, and 12 within **14 days** of the date of this Order.

### C. Defendant's Second Motion to Compel (R. Doc. 78)

#### 1. Illegible and Incomplete Documents Produced by Plaintiff

Defendant seeks an order requiring Plaintiff to produce legible and complete copies of documents she has produced. (R. Doc. 78-1 at 6-7). In particular, Defendant seeks the following documents to be provided:

**Documents Produced on October 20, 2017**

- Legible copies of Document Nos. 16-23 produced as JPG files

**Documents Produced on October 27, 2017**

- Complete copies of Document Nos. 15, 34-36, and 39-40 providing full text of emails
- Complete copies of Document Nos. 34-36
- Complete copies of Document No. 39 to include the two attachments referenced in the email

13

**Documents Produced on November 14, 2017**

- Legible copy of letter from Family Service produced as a JPG file

**Documents Produced on November 16, 2017**

- Legible copies of nine documents produced as JPEG files (seven of which Defendant could not access)

At oral argument, Plaintiff acknowledged that she could provide complete and legible versions of the foregoing documents in either their native electronic format or as hard copies.

**IT IS ORDERED** that Plaintiff shall produce legible and complete copies of the foregoing documents previously produced within **14 days** of the date of this Order. In addition, Plaintiff shall provide any future documents to Defendant in any supplemental productions in a format providing legible and complete information.

2. **Plaintiff's Initial Disclosures**

Plaintiff stated in her initial disclosures that she would rely upon documents regarding her employment with the school system, her separation from employment, other employee's employment with the school system, her wages, her retirement account, her COBRA continuation coverage, and her whistleblower allegations. (R. Doc. 23). Defendant seeks an order compelling Plaintiff to provide all documents identified in her initial disclosures. (R. Doc. 78-1 at 7-8).

As discussed above with regard to Defendant's Request for Production No. 1, Plaintiff represented at oral argument that she has since provided all of the foregoing information identified in her initial disclosures. Defendant acknowledged that the produced documents fall in the category of illegible and/or incomplete documents discussed above.

Based on the foregoing, the Court concludes that Plaintiff has represented that she has produced all information identified in her initial disclosures that are in her possession, custody,

or control as required by Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. Plaintiff is reminded that she has a continuing obligation to supplement her initial disclosures to the extent she obtains additional responsive information.

**IT IS ORDERED** that Plaintiff shall verify that she has produced all information identified in her initial disclosures, and confirm to Defendant that all information has been produced within **14 days** of the date of this Order.

### 3. Plaintiff's Third-Party Subpoenas

Defendant seeks copies of all information received by Plaintiff pursuant to third-party subpoenas on the Social Security Administration, Baton Rouge City Police, East Baton Rouge Parish Sheriff's Office, Blue Cross Blue Shield, and the Louisiana Department of Education.[1]

At oral argument, Plaintiff represented that the only additional information she has obtained pursuant to a third-party subpoena was from the Louisiana Department of Education, and that this information was produced to Defendant. Plaintiff further represented that she has not served certain third-party subpoenas. The Court reminded Plaintiff that she was required to provide a notice and copy of any third-party subpoenas to Defendant prior to service of those subpoenas pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure.

Given Plaintiff's representation that she has produced all information obtained pursuant to served third-party subpoenas, this issue is moot. Plaintiff is reminded, however, that any additional information obtained pursuant to an already served third-party subpoena must be provided to Defendant. Furthermore, the parties are reminded that non-expert discovery closed on December 15, 2017. Accordingly, the parties shall not seek any additional discovery from third parties pursuant to Rule 45.

---

[1] By separate order, the Court quashed a subpoena that Plaintiff served on the Louisiana Department of Education and a subpoena that Plaintiff attempted to serve on the Baton Rouge City Police. (*See* R. Docs. 76, 95).

### 4. Additional Documents Withheld Pursuant to Work Product Doctrine

Without waiving the right to assert that the information submitted by Plaintiff is irrelevant, Defendant seeks an order requiring Plaintiff documents identified on her supplemental privilege log (R. Doc. 78-17), which include additional audio recordings and her EEOC charge. (R. Doc. 78-1 at 9-10).

For the same reasons provided above, Plaintiff has not established that work product protection pertains to any documents identified on her privilege log as supplemented. Accordingly, the Court will require the documents to be produced.

**IT IS ORDERED** that Plaintiff shall produce all documents (including audio recordings) identified by Plaintiff on her supplemental privilege log within **14 days** of the date of this Order.

### D. Defendant's Motion to Depose Plaintiff Beyond the Discovery Deadline (R. Doc. 71)

Defendant seeks an order of the Court setting a date for Plaintiff's deposition after the deadline for Plaintiff to provide the foregoing supplemental responses, and after the deadline to complete discovery. Given the deadlines required by this Order, as well as a simultaneous Order addressing Defendant's need to supplement certain discovery responses, the Court finds good cause pursuant to Rule 16(b)(4) to extend the deadline to complete non-expert discovery for the purpose of taking Plaintiff's deposition to **February 16, 2018.** If Plaintiff refuses to attend a deposition properly noticed to take place on that date, or otherwise refuses to reschedule the deposition to a more convenient date, then Defendant may file an appropriate motion to secure Plaintiff's deposition.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's first Motion to Compel (R. Doc. 55) is **GRANTED**. Plaintiff must provide supplemental responses to Defendant's Interrogatory Nos. 2, 3, 5, 8, and 11, and Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, and 15, as detailed in the body of this Order, within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's second Motion to Compel (R. Doc. 78) is **GRANTED**. Plaintiff must produce legible and complete copies of the documents identified in the Order, all documents and recordings identified on her supplemental privilege log, and certify to Defendant that all documents identified in Plaintiff's initial disclosures have been produced, as detailed in the body of this Order, within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Depose Plaintiff Beyond the Discovery Deadline (R. Doc. 71) is **GRANTED**. The deadline to complete non-expert discovery is extended to **February 16, 2018** for the sole purpose of the taking of Plaintiff's deposition. Plaintiff must appear for a deposition properly noticed by Defendant to take place on or before February 16, 2018, or on a date as agreed upon by the parties.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on January 19, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**